UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80980-Civ-Cohn/Selzter

RICHARD D. BARFIELD and
MARILYN L. BARFIELD,

    Plaintiffs,

v.

COUNTY OF PALM BEACH, OFFICE OF
THE PROPERTY APPRAISER, and GARY
NIKOLITS, individually and in his capacity as
Property Appraiser, Deputy property
appraiser RENAE LAWRENCE, individually
and in her titled capacity, and Director of
Residential appraisals, JOHN THOMAS,
individually and in his titled capacity, and
Other employees of the office of the
Property Appraiser as yet unknown, et. al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Amended Motion to Dismiss Amended Complaint [DE 28] ("Motion to Dismiss").  The Court has considered the First Amended Verified Complaint [DE 26], the Motion to Dismiss, Plaintiffs' response [DE 37] and Plaintiffs' memorandum of law [DE 38], and is otherwise advised in the premises.

### I.  BACKGROUND

Plaintiffs Richard D. Barfield and Marilyn L. Barfield commenced this *pro se* action against the County of Palm Beach, Office of the Property Appraiser (the "Palm Beach Appraiser's Office") and certain officers and employees of the Palm Beach

Appraiser's Office, in their individual and official capacities (collectively "Defendants"). After Defendants filed a motion to dismiss, Plaintiffs filed a First Amended Verified Complaint on February 4, 2011 (the "Amended Complaint") [DE 26]. Plaintiffs allege claims pursuant to 42 U.S.C. § 1983 for violations of their constitutional rights of free speech (Counts I, II, V, VII) and equal protection (Counts III, VIII). Plaintiffs also allege violations of Florida statutes (Count IV, VI, IX).

Plaintiffs seek injunctive and declaratory relief, damages, costs and attorney fees for violations of their federal constitutional rights allegedly committed by Defendants in connection with local property tax assessments that Plaintiffs allege were made, *inter alia*, in retaliation for their successful challenges before the Value Adjustment Board ("VAB") and for exposing alleged improprieties at the Palm Beach Appraiser's Office. On March 3, 2011, Defendants filed the instant Motion to Dismiss for improper venue and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6). On March 21, 2011, Plaintiffs filed their response to the Motion to Dismiss.

## II.  LEGAL STANDARD

The sole issue before this Court is whether it has jurisdiction over Plaintiffs' action. Although Defendants style their motion as a motion for change of venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the basis of their motion is that federal jurisdiction is barred by the Tax Injunction Act. Therefore, the Court will consider Defendants' motion as one brought pursuant to Fed. R. Civ. P.

12(b)(1) instead of Fed. R. Civ. P. 12(b)(3).[1]

The Tax Injunction Act provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The Tax Injunction Act "drastically" limits the jurisdiction of district courts so as to not "interfere with so important a local concern as the collection of taxes." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981). Although the Tax Injunction Act bars injunctive relief on its face, it has been judicially expanded by the Supreme Court to include suits for declaratory relief and damages. Osceola v. Fla. Dep't of Rev., 893 F.2d 1231, 1233 (11th Cir. 1990) (citing Rosewell and Cal. v. Grace Brethren Church, 457 U.S. 393 (1982)). The burden of proof is upon the complainant to overcome the jurisdictional bar of the Tax Injunction Act. Gibson v. Gains, No. 05-15997, 2006 U.S. App. LEXIS 8111 at *6 (11th Cir. April 4, 2006); cf. Winicki v. Mallard, 783 F.2d 1567, 1570 (11th Cir. 1986) (comity barred federal jurisdiction).

In assessing the adequacy of a state remedy, the Tax Injunction Act's "plain, speedy and efficient" exception shall be narrowly construed. Grace Brethren Church, 457 U.S. at 413. The state remedy is required to only meet certain "minimal *procedural* criteria." Rosewell, 450 U.S. at 512 (italics in original). The touchstone for whether a

---

[1] Since both parties argue the jurisdictional issues in their pleadings, there is no prejudice to either party by this Court's construction of the Defendants' motion as a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

In addition, since the Court concludes that jurisdiction is lacking under Fed. R. Civ. P. 12(b)(1), the Court will not examine the issues raised by the motion under Fed. R. Civ. P. 12(b)(6).

3

taxpayer has a "plain, speedy, and efficient" remedy is whether a taxpayer is entitled to a "full hearing and judicial determination" at which he may raise any and all constitutional objections to the tax. Gibson, 2006 U.S. App. LEXIS 8111 at *6; Rosewell, 450 U.S. at 514.

"Neither the judicial decisions nor § 1341 require that the state remedy be the best remedy available or even equal to or better than the remedy which may be available in the federal courts." Rodriguez v. Steirheim, 465 F.Supp. 1191, 1193 (S.D. Fla. 1979), aff'd w/o op., 609 F.2d 1007 (5th Cir. 1980)[2] (citing Bland v. McHann, 463 F.2d 21, 29 (5th Cir. 1972)).  Thus, a state statutory scheme that requires exhaustion of administrative remedies prior to a court action may be adequate under the Tax Injunction Act. Grace Brethren Church, 457 U.S. at 417 n. 35.

### III.  LEGAL ANALYSIS

#### A.  This Action Seeks to "Enjoin, Suspend or Restrain the Assessment" of a Tax

Plaintiffs allege that the Tax Injunction Act is not applicable to their action because "[t]his action in no way challenges any state law or procedure in the collection of any tax." Response, p. 5.  Defendants contend that the Tax Injunction Act applies because "[t]he driving force behind Plaintiffs' Complaint is their dispute with the Property Appraiser over its assessment of their real property." DE 28, p. 2.  The Court agrees with Defendants that this action falls within the scope of the Tax Injunction Act.

---

[2] Cases decided by the Fifth Circuit before October 1, 1981 are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

First, in addition to the remedy of "nullification of property taxes" allegedly calculated in breach of Florida statutory law and the federal Constitution, Plaintiffs are seeking an order compelling the Palm Beach Appraiser's Office to institute comprehensive changes to its tax assessment procedure. Amended Complaint, pp. 26-27. For example, the relief requested by Plaintiffs include changes to how assessment challenges are handled by the Palm Beach Property Appraiser's Office and how assessments are calculated. Id. The implementation of such relief would require this Court to intervene in Florida's tax system and such relief would "conflict with the principle underlying the Tax Injunction Act that the federal courts should generally avoid interfering with the sensitive and peculiarly local concerns surrounding state taxation schemes." Colonial Pipeline Co. v. Collins, 921 F.2d 1237, 1242 (11th Cir. 1991) (citing Rosewell, 450 U.S. at 527-28).

Second, central to Plaintiffs' Section 1983 action is the Defendants' administration of the tax assessment procedure. In Gold v. Markham, Nos. 98-7036-Civ-Hurley and 98-7037-Civ-Hurley, 1998 U.S. Dist. LEXIS 20901 (S.D. Fla. Dec. 2, 1998), after successfully appealing the Broward County property appraiser's denial of an agricultural classification for their real property for the tax year 1997, plaintiffs were required to again apply for an agricultural classification for the tax year 1998. This time, the Broward County VAB denied their appeal and the plaintiffs filed a Section 1983 action in federal court. Judge Hurley dismissed the action for lack of jurisdiction based on the Tax Injunction Act and comity:

> under the guise of 42 U.S.C. § 1983, they purport to challenge Markham's "deliberate interference with their bonafide horse breeding business." Id. That alleged interference, of course, is the way Markham went about his statutory

5

> duties in assessing their property for tax purposes.  Contrary to the Gold's pleas, this is nothing but a tax case.

Id. at ** 5-6.  Like the Gold case, this action, although stated as a Section 1983 action, is a challenge to Defendants' exercise of their statutory duties in assessing the Plaintiffs' property and therefore, is subject to the Tax Injunction Act.

This Court concludes that the relief sought by Plaintiffs falls within the scope of the Tax Injunction Act.  The Court next examines the Tax Injunction Act's requirement that the state remedies be "plain, speedy and efficient."

### B.  The State Remedies are "Plain, Speedy and Efficient"

Plaintiffs contend that the state remedies are not "plain, speedy and efficient" and therefore, their action is not barred by the Tax Injunction Act.  Plaintiffs argue that they have no remedy in state court because their prior appeals before the VAB have resulted in findings in their favor.  Response, pp. 3-4.  Plaintiffs also challenge the adequacy of the state remedies by alleging that they will be subject to "repetitive unfair and malicious assessments each year," that there is "no 'plain, adequate, and complete' remedy to stopping them [the Defendants] from egregious reassessments of the subject property each year, which is technically allowed by statute" and  "[e]ven if the plaintiffs prevailed in a circuit court on matters of taxation, this would provide no solution to the obviously hostile intent and capricious and arbitrary application of state laws."  Response, pp. 3 and 7.  Plaintiffs further request this Court to hold evidentiary hearings to "develop discovery which would establish whether or not Florida statutes provide any 'plain, speedy and efficient remedy' to protect the Plaintiffs from the alleged abuses by the

Defendants." Response, p. 4. The Court concludes that the state remedies are "plain, speedy and efficient" and that no evidentiary hearing is required.

First, the United States Court of Appeals for the Eleventh Circuit has repeatedly held that Florida law provides taxpayers with "plain, speedy and efficient" remedies. Osceola, 893 F.2d at 1233; Winicki, 783 F.2d at 1570; Carson v. City of Ft. Lauderdale, 293 F.2d 337, 339 (5th Cir. 1961); Rendon v. State of Fla., 930 F.Supp. 601, 605 (S.D. Fla. 1996). Second, jurisdiction in Florida state court over a taxpayer action is not limited to appeals of adverse decisions. For example, Fla. Stat. § 194.171 provides that "[t]he circuit courts have original jurisdiction at law of all matters relating to property taxation." See also Fl. Const. Art. V, § 20(c)(3). Furthermore, the Florida Supreme Court has recognized that state courts have jurisdiction to consider Section 1983 claims. Crocker v. Pleasant, 778 So. 2d 978, 982 (Fla. 2001); see also Jackson v. State of Fla., 829 So. 2d 942 (Fla. Dist. Ct. App. 2002).

Third, Plaintiffs cannot bypass the jurisdictional bar of the Tax Injunction Act by their conclusory allegation that they will not receive adequate relief in state court. Carson, 293 F.2d at 339. The Florida state courts will protect Plaintiff's constitutional rights since Florida "[s]tate courts, like federal courts, have a constitutional obligation to safeguard personal liberties and uphold federal law." Grace Brethren Church, 457 U.S. at 417 n. 37 (internal quotation and citation omitted); see also Carson, 293 F.2d at 339 ("the Constitution of the United States is as applicable to and controlling upon state courts as it is federal courts ... [and] plaintiffs do not lose any constitutional rights by being forced to first try their issues in a state court instead of a federal court.").

Fourth, the Court is not persuaded by Plaintiffs' argument that Defendants will not

7

be deterred by any court decision and will continue issuing "egregious reassessments of the subject property each year." Response, p. 7. Where as here, Plaintiffs have failed to avail themselves of their remedy in state court, the possibility of future "egregious reassessments" is not sufficient to escape the jurisdictional bar of the Tax Injunction Act. In Alnoa G. Corp. v. City of Houston, 563 F.2d 769, 772 (5th Cir. 1977), the Fifth Circuit rejected the plaintiff's claim that it would be subject to subsequent reassessments that would necessitate an "unending series of appeals of council orders":

> [Plaintiff's argument asks] this Court to assume that the city council would, even after having been rebuked by a state court for acting arbitrarily, ignore such admonishment and again proceed in an arbitrary fashion. This Court declines to give effect to such a presumption, but instead chooses to presume that the city council will act in accordance with tenets of good faith, due process and fairness toward all who come before it.

Likewise, this Court would presume that the Palm Beach Appraiser's Office would not disregard any order issued by a state court.

Finally, Plaintiffs request an evidentiary hearing to demonstrate that the current statutory scheme does not provide a plain, speedy and efficient remedy. Plaintiffs' reliance on Colonial Pipeline is misplaced. At issue in Colonial Pipeline was a review and appeal process that was part of a major overhaul of Georgia's ad valorem tax system. The Eleventh Circuit concluded that the "1988 amendments have so significantly altered the assessment and appeals processes for centrally-assessed taxpayers that their adequacy within the meaning of section 1341 remains an open question." 921 F.2d at 1244. Unlike Colonial Pipeline, where the review and appeal process was alleged to be "virtually useless," there is no allegation by Plaintiffs that the assessment process and procedure is constitutionally deficient or that there is any

8

procedural defect in Florida's remedies that would prevent consideration of their Section 1983 claim in state court. Rosewell, 450 U.S. at 515. In addition, in contrast to Colonial Pipeline, Plaintiffs concede that "[t]his action is not a challenge to the state or its laws or procedures in any way." Response, p. 6.

Based on the foregoing, the Court finds the Florida state remedies are "plain, speedy and efficient" under the Tax Injunction Act and therefore, this Court lacks jurisdiction to consider Plaintiffs' action.[3]

### IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Amended Motion to Dismiss Amended Complaint [DE 28] is hereby **GRANTED**;

2. The First Amended Verified Complaint is hereby **DISMISSED** for lack of jurisdiction;

3. All other pending motions are hereby **DENIED** as moot, including without limitation, the Emergency Motion to Quash Subpoena by Gary Nikolits [DE 30], Defendants' Motion to Dismiss Count IX of Plaintiffs' Amended Complaint and

---

[3] Even if the Court had jurisdiction over the federal claims, with the dismissal of the Section 1983 federal claims, this Court declines to exercise jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3) allows a district court to decline to exercise supplemental jurisdiction over state claims when all claims over which it has original jurisdiction have been dismissed, as is now the case herein. Therefore, the Court, pursuant to Section 1367(c)(3), will exercise its discretion and dismiss the state law claims, as the federal claims presented here are dismissed.

    Motion to Strike Demand for Jury Trial [DE 39], Defendants' Motion to Expedite Ruling [DE 42], Defendants' Motion to Continue Trial [DE 47] and Plaintiffs' Motion for Expansion of Time to Respond to the Defendants' Motion to Dismiss Count IX [DE 48];

4.     The Clerk of the Court is ordered to **CLOSE** this case.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 15th day of April, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:

Richard D. Barfield, M.D. and Marilyn L. Barfield
103 Lighthouse Drive
Jupiter Inlet Colony, FL 33469

and Defendants' counsel of record